UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,　　　　　　　　　　Case No. 10-cr-210-pp

　　　　　Plaintiff,

v.

CORNELIUS BLAIR,

　　　　　Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION AND/OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2) AND AMENDMENT 782 OF U.S.S.G. (DKT. NO. 354)**

---

　　　　In February 2011, the defendant pled guilty to conspiracy to distribute heroin, resulting in death. On July 27, 2011, Judge Clevert calculated that the defendant had a total offense level of 40 and a criminal history category of III, which resulted in a sentencing range of 360 months to life. The judge gave the defendant a departure for substantial assistance, and sentenced him below both the guideline range and the mandatory minimum—to a term of 180 months in prison.

　　　　On November 1, 2014, Amendment 782 to the Sentencing Guidelines became effective. This amendment lowered most drug offense levels by 2. The Sentencing Commission made this reduction retroactive to any defendant who'd been sentenced before the November 1, 2014 effective date.

　　　　On January 14, 2015, the court received a motion from the defendant, asking the court to apply the 2-level, Amendment 782 reduction. Dkt. No. 297.

1

The Federal Defender—who had been appointed to review all Amendment 782 motions, and to represent anyone who looked like they might qualify for the reduction—reviewed the defendant's case, determined that it would not be filing anything on his behalf, and filed a letter informing the court of its decision. Dkt. No. 299. The Federal Defender filed these letters in any case in which it appeared to the Federal Defender that the defendant did not meet the requirements for the 2-level reduction.

On March 12, 2015, the U.S. Attorney's Office responded to the defendant's request for the reduction. Dkt. No. 305. The prosecutor pointed out that the defendant was charged with—and pled guilty to—conspiring to distribute heroin, from which death and bodily injury resulted, in violation of 21 U.S.C. §841(b)(1)(A). At the time the defendant was sentenced, the base offense level for that crime was 38, under §2D1.1(a)(2) of the Sentencing Guidelines. The government pointed out that Amendment 782 reduced the offense levels for the *drug quantity tables in U.S.S.G. §2D1.1(c)* only. It did not change the level 38 offense level for a heroin offense involving death or bodily injury—indeed, today (over six years after the defendant was sentenced), the offense level for that crime remains 38. For this reason, the defendant did not (and does not) qualify for the 2-level reduction under Amendment 782. For that reason, the court denied the defendant's motion on July 20, 2015. Dkt. No. 312.

Two and a half years later, on December 1, 2017, the court received this current motion from the defendant. Dkt. No. 354. Despite the fact that the

2

defendant already has asked the court to grant him an Amendment 782 reduction and the court has denied that request, the defendant again asks for the same reduction. This time, he adds in the facts that he has been involved in several programs while in custody, and has been involved in "many other constructive activities that are conducive to re-entry." Id. at 2. He asserts that he qualifies for a 2-level reduction under Amendment 782, and also asks the court to "recognize the Defendant's voluntary efforts to rehabilitate, so that he may one day reenter his community and be a productive member of society that he now knows he can and must be." Id.

Contrary to what the defendant states in his most recent motion, he does not qualify for the Amendment 782 reduction, which is why the court denied it the last time he asked. Nor can the court reduce the sentence that Judge Clevert imposed to recognize any rehabilitation the defendant might have engaged in. Rule 35 of the Federal Rules of Criminal Procedure allows a court to correct or reduce a sentence under two circumstances only. First, within fourteen days of sentencing, a court may correct any math or technical errors in a sentence. The defendant's fourteen days have *long* passed. Second a court may reduce a defendant's sentence if, within one year of sentencing, the government files a motion asking the court to reduce the defendant's sentence for cooperation. That one-year deadline also has long passed, and the government has not filed such a motion.

There is no basis in the law for the court to reduce the defendant's sentence. The court is pleased to hear that the defendant is being productive

and working to improve himself and his life while he is in custody; that will benefit him when the BOP determines whether to grant him good-time credit against his sentence. But the law does not allow the court to reduce the defendant's sentence on that basis.

The court **DENIES** the defendant's motion to reduce his sentence under Amendment 782. Dkt. No. 354.

Dated in Milwaukee, Wisconsin this 6th day of December, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**