UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 10-cr-210-pp

CORNELIUS BLAIR,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION REQUESTING RECONSIDERATION OF THE COURT'S DECISION ON HIS MOTION FOR SENTENCE MODIFICATION AND/OR REDUCTION PURSUANT TO 18 U.S.C. §2582(C) AND AMENDMENT 782 (DKT. NO. 367) AND DENYING DEFENDANT'S MOTION TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 368)**

On July 20, 2015, the court denied the defendant's motion for a two-level, Amendment 782 reduction. Dkt. No. 312. On December 1, 2017, the court received from the defendant a second motion, asking for the same reduction. Dkt. No. 354. This time, the defendant included information about his involvement in programs while in custody, and he asked the court to acknowledge his "voluntary efforts to rehabilitate." Id. The court denied the motion because the defendant did not qualify for the Amendment 782 reduction, explaining that it lacked any other authority to reduce his sentence. Dkt. No. 356 at 3. In January of this year, the court received from the defendant a motion asking the court to reconsider its decisions, dkt. no. 367,

along with a request to proceed on appeal without the prepayment of the filing fee, dkt. no. 368. The court will deny both motions.

I.      **Defendant's Motion for Reconsideration (Dkt. No. 367)**

The defendant asks the court to reconsider its ruling denying his motion for sentence modification and/or reduction, alleging that the court failed to take into consideration the fact that he has placed himself at substantial risk by providing assistance to authorities. Dkt. Non. 367 at 1. According to the defendant, Amendment 782 changed the manner in which district court can determine whether a defendant is entitled to relief. Id. Citing U.S.S.G. §1B1.10(b)(2)(B), the defendant reasons that the guidelines contemplate reductions for substantial assistance where a defendant previously received a §5K1.1 departure. Dkt. No. 367 at 6-7.

The court has no authority to grant the relief the plaintiff requests. As the court already has explained, the defendant is not eligible for the Amendment 782 reduction. The defendant is correct that, *if* he had been eligible for an Amendment 782 reduction, the court could have initiated a §3582(c)(2) proceeding to reduce his sentence. In that case, U.S.S.G. §1B1.10(b)(2)(B) would have provided guidance to the court for how to decide the Amendment 782 motion if the defendant had been serving a below-guideline sentence based on substantial assistance to the government. United States v. Phelps, 823 F.3d 1084, 1085 (7th Cir. 2016). But as the court has explained to the defendant already, Amendment 782 did not change the guideline that applied to the defendant's case. See Dkt. No. 356 at 2-3. The

court has no doubt that a defendant who provides substantial assistance to the authorities puts himself at risk. But the court can take that into account under U.S.S.G. §1B1.10(b)(2)(B) *only* if the defendant qualifies for the Amendment 782 reduction—and the defendant in this case does not qualify for that reduction.

II. **Defendant's Motion to Appeal Without Prepayment of the Filing Fee**

The defendant also filed a motion asking the court to give him leave to appeal without prepayment of the filing fee. Title 28 U.S.C. §1915(a)(3) states that a party may not take an appeal without prepaying the filing fee if the trial court certifies, in writing, that the party has not taken the appeal in good faith. To determine whether a person has taken an appeal in good faith, the court must determine whether "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) (citation omitted). Here, no reasonable person could suppose that the defendant's appeal has some merit, because Amendment 782 *did not change* the offense level for the offense for which he was sentenced. The court now has explained that to the defendant twice. The court certifies that any appeal the defendant might take would not be in good faith.

III. **Conclusion**

The court **DENIES** the defendant's motion for reconsideration. Dkt. No. 367.

The court **CERTIFIES** that the defendant's appeal is not taken in good faith.

3

The court **DENIES** the defendant's motion to appeal without prepayment of the filing fee. Dkt. No. 368.

Dated in Milwaukee, Wisconsin this 7th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**